IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LONNIE CLARK WILLIAMS, JR.,

    Plaintiff,                      No. 2:12-cv-1616 JAM EFB P

    vs.

CALIFORNIA DEPARTMENT OF
CORRECTIONS AND
REHABILITATION, et al.,

    Defendants.               FINDINGS AND RECOMMENDATIONS

_____/

    Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Plaintiff seeks leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a). This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

    For the reasons explained below, the court finds that plaintiff has not demonstrated she is eligible to proceed *in forma pauperis*. A prisoner may not proceed *in forma pauperis*,

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). On at least three prior occasions, plaintiff has brought actions while incarcerated that were dismissed as frivolous, malicious, or for failure to state a claim

1

upon which relief may be granted.[1]  *See Williams v. Gonzales*, 1:03-cv-6770 REC WMW P (E.D. Cal. Sept. 10, 2004) (order designating plaintiff as a three strikes litigant under 28 U.S.C. § 1915(g)); (2) *Williams v. Andrews*, 1:01-cv-6222 REC HGB P (E.D. Cal. Feb. 22, 2002) (order dismissing action for failure to state a claim); (3) *Williams v. Wood*, 1:01-cv-6151 REC LJO P (E.D. Cal. Feb. 28, 2002) (order dismissing action with prejudice for failure to state a claim); and (4) *Williams v. Rendon*, 1:01-cv-5891 AWI SMS P (E.D. Cal. Mar. 18, 2002) (order dismissing action for failure to state a claim).

According to the complaint, prison officials are poisoning plaintiff daily by placing "deadly-mutating-bacterias, toxins, and biological agents" into her food.  *See* Dckt. No. 1. Though plaintiff claims she faces "imminent danger," she does not plausibly allege that she was under imminent threat of serious physical injury when she filed the complaint.  *See* 28 U.S.C. § 1915(g); *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. Cal. 2007).  *See also Williams v. Willie*, CIV S-11-1532 MCE DAD (E.D. Cal. Mar. 16, 2012) (finding implausible plaintiff's allegations of being poisoned, noting that she had been making such claims since 2006, and determining that the imminent danger exception of § 1915(g) did not apply); *Williams v. Gomez*, 2:11-cv-0426 GEB EFB (E.D. Cal. Dec. 21, 2011) (finding implausible plaintiff's allegations of being poisoned and recommending that plaintiff's in forma pauperis status be revoked).  Thus, the imminent danger exception does not apply.

Accordingly, it is hereby RECOMMENDED that:

1. Plaintiff's application to proceed *in forma pauperis* (Dckt. No. 2) be denied; and

////
////
////
////

---

[1] A court may take judicial notice of court records.  *See MGIC Indem. Co. v. Weisman*, 803 F.2d 500, 505 (9th Cir. 1986); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

2

2. This action be dismissed without prejudice to re-filing upon pre-payment of the $350 filing fee.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 1, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3